FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2010 OCT 25 P 12: 41

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| REC SOFTWARE USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> BAMBOO SOLUTIONS CORPORATION, MICROSOFT CORPORATION, SAP AMERICA, INC., and SAP, AG, <br><br> Defendants. | CIVIL ACTION NO. 2:10CV530 <br> RBS/TEM <br><br> Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff REC Software USA, Inc., ("REC"), by counsel and pursuant to Federal Rule of Civil Procedure 8(a), alleges the following in support of its Complaint against Defendants Bamboo Solutions Corporation ("Bamboo"); Microsoft Corporation ("Microsoft"); SAP America, Inc. ("SAP America"); and SAP, AG ("SAP") (collectively "Defendants") for patent infringement.

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the

United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 5,854,936, issued on December 29, 1998, for "Code Server" to Stephen F.B. Pickett (the "Pickett patent"), a true and correct copy of which is attached as Exhibit 1.

## PARTIES

2. Plaintiff REC Software U.S.A., Inc., is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located at 2300 North Pershing Drive, Suite 357, Arlington, Virginia, 22201, in the judicial district of the Eastern District of Virginia.

3. Upon information and belief, Defendant Bamboo is a Virginia corporation with its principal place of business at 11417 Sunset Hills Road, Suite 105, Reston, Virginia, 20190. Bamboo conducts business in the Commonwealth of Virginia and has an established agent for service of process, Lam Le, at its principal place of business in Reston. Bamboo makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more claims of the Pickett patent.

4. Upon information and belief, Defendant Microsoft is a Washington corporation with its principal place of business at 1 Microsoft Way, Redmond, Washington, 98052. Microsoft conducts business in the Commonwealth of Virginia and has an established agent for service of process within the Commonwealth at Corporation Service Company, 11 South 12th Street, Richmond, Virginia, 23219. Microsoft makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more claims of the Pickett patent.

5. Upon information and belief, Defendant SAP America is a Delaware corporation with its principal place of business at 3999 West Chester Pike, Newtown Square, Pennsylvania, 19073. SAP America conducts business in the Commonwealth of Virginia and has an established agent for service of process within the Commonwealth at CT Corporation System, 4701 Cox Rd., Suite 301, Glen Allen, Virginia, 23060. SAP America makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more claims of the Pickett patent.

6. Upon information and belief, Defendant SAP is a German corporation with its principle place of business at Dietmar-Hopp-Allee 16, 69190 Walldorf, Germany. SAP AG is the parent company of Defendant SAP America. SAP conducts business in the Commonwealth of Virginia. SAP makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more claims of the Pickett patent.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq.* This Court has original subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, each Defendant has transacted business in this district and has committed, contributed to, and/or induced acts of patent infringement in this district.

9. Defendants are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Virginia Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein, including using, selling, and/or offering to

sell products, methods, systems, and/or services that infringe the claims of the Pickett patent; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Virginia and in this judicial District.

## COUNT I

## INFRINGEMENT OF THE PICKETT PATENT

10. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 9 above, and further alleges as follows:

11. Plaintiff REC is the exclusive licensee with all substantial rights in the invention described and claimed in the Pickett patent. REC has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

12. Stephen F. B. Pickett, the President of REC, is the sole inventor of the invention taught and claimed in the Pickett patent. Mr. Pickett invented a novel technique for associating the modules of a multi-module computer program. Mr. Pickett's invention resulted is the issuance of the Pickett patent on December 29, 1998.

13. Without a license or permission from Plaintiff, Defendant Bamboo has been infringing and continues to infringe one or more claims of the Pickett patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, and/or importing infringing products and services. Bamboo's infringing products and services include, without limitation, Bamboo SharePoint Project Management Central. Defendant Bamboo has actively and knowingly induced infringement of the Pickett patent by providing its customers and others with detailed explanations, instructions, information, and support services related to applications and uses of its

4

products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers have used the product and services in an infringing manner. Defendant Bamboo has contributed to the infringement of the Pickett patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services. The products and services provided by Bamboo are not staples of commerce with substantial noninfringing uses.

14. Bamboo's wrongful conduct has caused and, unless enjoined, will continue to cause REC to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

15. Without a license or permission from Plaintiff, Defendant Microsoft has been infringing and continues to infringe one or more claims of the Pickett patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, and/or importing infringing products and services. Microsoft's infringing products include, without limitation, Microsoft's operating systems supported by the .NET framework, including without limitation, Windows® 2000, Windows® Server 2003, Windows® Server 2008, Windows® Vista, Windows® XP, and other Microsoft products that are bundled with the aforementioned products. Defendant Microsoft has actively and knowingly induced infringement of the Pickett patent by providing its customers and others with detailed explanations, instructions, information, and support services related to applications and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief,

those customers have used the product and services in an infringing manner. Defendant Microsoft has contributed to the infringement of the Pickett patent by actively and knowingly providing its customers and others with products and services that are used as a material element in its customers' or others' infringing products and services. The products and services provided by Microsoft are not staples of commerce with substantial noninfringing uses.

16. Microsoft's wrongful conduct has caused and, unless enjoined, will continue to cause REC to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented invention.

17. Without a license or permission from Plaintiff, Defendant SAP and Defendant SAP America, a subsidiary of SAP, have infringed, have been infringing and continue to infringe one or more claims of the Pickett patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, and/or importing infringing products and services. SAP and SAP America's infringing products and services include, without limitation, NetWeaver, as well as other SAP and SAP America products that are bundled with NetWeaver. Defendants SAP and SAP America have actively and knowingly induced infringement of the Pickett patent by providing their customers and others with detailed explanations, instructions, information, and support services related to applications and uses of their products and services that promote and demonstrate how to use their products and services in an infringing manner, and upon information and belief, those customers have used the product(s) and services in an infringing manner. Defendants SAP and SAP America have contributed to the

infringement of the Pickett patent by actively and knowingly providing their customers and others with products and services that are used as a material element in their customers' or others' infringing products and services. The products and services provided by SAP and SAP America are not staples of commerce with substantial noninfringing uses.

18. SAP's and SAP America's wrongful conduct has caused and, unless enjoined, will continue to cause REC to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

19. As a result of Defendants' infringement of the Pickett patent, Plaintiff has been damaged and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the Pickett patent.

20. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from the Defendants to compensate it for Defendants' infringement of the Pickett patent.

## WILLFULNESS

21. Plaintiff REC alleges, upon information and belief, that Defendants have knowingly or with reckless disregard willfully infringed the Pickett patent. Upon information and belief, Defendants have knowledge of, and are in possession of, the Pickett patent. Despite an objectively high likelihood that their actions constitute infringement of REC's valid patent, Defendants have continued to infringe the Pickett patent. This objectively-defined risk was either known or so obvious that it should have been known to each Defendant. REC further alleges, upon information and belief, that

the Defendants will continue to willfully infringe the Pickett patent subsequent to the filing of this Complaint unless enjoined by this Court. REC seeks enhanced damages pursuant to 35 U.S.C. § 284.

## JURY DEMAND

22. Plaintiff REC demands a trial by jury of all matters to which it is entitled to trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A judgment in favor of Plaintiff that Defendants have infringed the Pickett patent as alleged above;

2. A judgment and order finding that Defendants willfully infringed the Pickett patent;

3. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe the Pickett patent;

4. A judgment and order requiring Defendants to pay Plaintiff compensatory damages, costs, expenses, and pre- and post-judgment interest for Defendants' infringement of the Pickett patent, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this patent infringement case is exceptional within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiff may be entitled.

Dated: October 25, 2010

Respectfully Submitted,

REC SOFTWARE USA, INC.

By Counsel

*[signature]*

Nichole Buck Vanderslice (VSB #42637)
nvanderslice@cblaw.com
R. Braxton Hill, IV (VSB #41539)
bhill@cblaw.com
David B. Lacy (VSB #71177)
dlacy@cblaw.com
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Tel: (804) 697-4100
Fax: (804) 697-4112

*Counsel for Plaintiff*