

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

**REC SOFTWARE USA, INC.,**

          **Plaintiff,**

    v.

**BAMBOO SOLUTIONS CORPORATION,
MICROSOFT CORPORATION,
SAP AMERICA, INC., and
SAP AG.**

          **Defendants.**

**CIVIL ACTION NO. 2:10cv530**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants', Microsoft Corporation, SAP America,

Inc., SAP AG, and Bamboo Solutions' Corporation (collectively, "Defendants"), Motion to

Transfer Venue pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, Defendants'

Motion to Transfer Venue is **GRANTED.**

### I. FACTUAL AND PROCEDURAL HISTORY

On May 27, 2010, Plaintiff, REC Software USA, Inc. ("REC") filed suit in the United

States District Court for the Eastern District of Virginia against Microsoft Corporation

("Microsoft"), SAP America, Inc. ("SAP America"), SAP AG, and Bamboo Solutions

Corporation ("Bamboo") alleging patent infringement and requesting to enjoin and obtain

damages resulting from Defendants' infringement. Compl. ¶ 1. The patent at issue is United

States Patent No. 5,854,936 (the "'936 patent" or "Pickett patent"). *Id.* This patent, invented by

Mr. Stephen F. B. Pickett (President of REC), involves "a novel technique for associating the modules of a multi-module computer program." Compl. ¶ 12.

Plaintiff, REC, is a Virginia corporation with its principal place of business in Arlington, Virginia. Compl. ¶ 2. REC is the exclusive licensee of the '936 patent. Compl. ¶ 11. Defendant, Bamboo, is a Virginia corporation with its principal place of business in Reston, Virginia. Compl. ¶ 3. Bamboo makes, uses, sells, offers for sale and/or imports in the United States products that are built on co-defendant Microsoft's accused technology, and that, allegedly, infringe the '936 patent. *Id.*; *see* Br. in Supp. Defs.' Mot. to Transfer Venue ("Defs.' Transfer Br.") at 10. Bamboo is one of thousands of Microsoft Certified Partners worldwide. Defs. Transfer Br. at 9 (stating that Bamboo is one of 1,015 Certified Partners for the SharePoint category, i.e., the technology primarily in question, and 6,272 for a Windows category). Defendant, Microsoft, is a Washington corporation with its principal place of business in Redmond, Washington. Compl. ¶ 4. Defendant, SAP America, is a subsidiary of SAP AG, a German corporation headquartered in Walldorf, Germany (collectively "SAP"). Hanss Decl. at ¶ 2; *see* Compl. ¶ 6. SAP America is a Deleware corporation with its principal place of business in Newtown Square, Pennsylvania. Compl. ¶ 5. However, SAP conducts research and development its products, including the products at issue in this case, in Walldorf, Germany and Palo Alto, California. Hanss Decl. at ¶ 4. As previously noted, SAP AG is a German corporation headquartered in Walldorf, Germany. Compl. ¶ 6; Hanss Decl. at ¶ 2. This location is the strategic center of SAP's business operations and the location where key decisions are made. Hanss Decl. at ¶ 3.

In its Complaint, filed October 25, 2010, Plaintiff alleges that Defendants are infringing on one or more claims of the '936 patent. Specifically, Plaintiff mentions Defendants' infringing products and services as follows: Bamboo SharePoint Project Management Central (Compl.¶ 13); Microsoft's operating systems supported by the .NET framework (e.g., Windows 2000, Windows Server 2003, Windows Server 2008, Windows Vista, Windows XP, and other products bundled with these products) (Compl.¶ 15); and SAP's NetWeaver and other products bundled with it (Compl.¶ 17). On January 10, 2011, Bamboo filed an answer to the Complaint. On the same day, both SAP and Microsoft also filed answers to the Complaint and counterclaims against Plaintiff seeking, *inter alia*, declaratory judgments of non-infringement and invalidity of the '936 patent. Microsoft's Countercl. ¶¶ 8-13; SAP's Countercl. ¶¶ 9-14. On January 10, 2010, Defendants Bamboo, SAP and Microsoft filed a Joint Motion to Transfer the case to the Western District of Washington, pursuant to 28 U.S.C. § 1404(a). This motion is presently before the Court and has been fully briefed by both parties.

## II. LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The decision whether to transfer an action is committed to the sound discretion of the district court. *See In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984). When considering a motion to transfer venue, the Court must consider the plaintiff's choice of venue, the convenience of the parties and

witnesses, and the interest of justice. *GTE Wireless v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999). Because the plaintiff's choice of forum is typically entitled to substantial deference, it is the movant's burden to establish that transfer is proper in view of these considerations. *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000).

## III. ANALYSIS

In considering Defendants' Motion to Transfer Venue, pursuant to 28 U.S.C. § 1404(a), the Court must make two separate inquiries: (1) whether REC's claims might have been brought in the Western District of Washington, the proposed transferee district, and, if so, (2) whether the interest of justice and the convenience of the parties justify transfer to that district. *See L.G. Elecs. Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 809 (E.D. Va. 2001).

### A. Jurisdiction of the Potential Transferee Forum

Pursuant to 28 U.S.C. § 1400(b), a claim alleging patent infringement might be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." For the purposes of the venue analysis, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Accordingly, personal jurisdiction, and thus venue, are proper in any judicial district in which a corporation has "minimum contacts" such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A review of the filings on record indicates that personal jurisdiction and thus, venue, are proper in the Western District of Washington for Defendants, Microsoft and SAP, as both have offices and/or facilities in the Western District of Washington. Furthermore, it indicates that personal jurisdiction and venue are proper for Bamboo based on its "extensive dealings" with Microsoft and its customers in the Western District of Washington. Defs.' Transfer Br. at 9; Pond Decl. Ex M. In light of the Defendants' contacts with the Western District of Washington, the Court concludes that this case, as presently situated, could have been brought in the Western District of Washington.

**B.    The Interest of Justice and Convenience of the Parties**

"In determining whether to grant a motion under § 1404(a), the principal factors for district court consideration include the plaintiff's choice of forum, witness convenience and access, party convenience, and the interest of justice." *Koh v. Microtek Int'l, Inc.*, 250 F.Supp.2d 627, 633 (E.D. Va. 2003) (citing *Corry v. CFM Majestic Inc.*, 16 F.Supp.2d 660, 666 (E.D. Va. 1998)). The Court will address each factor in turn.

**1.    Plaintiff's choice of forum**

Plaintiff's forum of choice is clearly the Eastern District of Virginia. Generally, a plaintiff's choice of forum is entitled to substantial weight. *See Hester Indus., Inc. v. Stein, Inc.*, 40 U.S.P.Q.2d 1844, 1846 (E.D. Va. 1996) (citing *Bd. of Trustees v. Baylor Heating and Air Conditioning*, 702 F.Supp. 1253, 1256 (E.D. Va. 1988)). However, the weight a court will give to a plaintiff's choice "varies in proportion to the connection between the forum and the cause of action." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F.Supp.2d 517, 519 (E.D. Va. 1999); *see Heyco, Inc. v. Heyman*, 636 F.Supp. 1545, 1551 (S.D.N.Y. 1986). The greater the connection

between a plaintiff's chosen forum and the plaintiff's cause of action, the more weight a court will give to the plaintiff's choice. *Id.; see also Koh*, 250 F.Supp.2d at 633 ("[A] plaintiff's chosen venue is not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum.").

Here, Defendants argue that the Court should not give Plaintiff's choice of forum substantial weight because its presence in Virginia is "recent, ephemeral, and an artifact of litigation." Defs.' Reply in Supp. of Joint Mot. to Transfer ("Defs.' Transfer Reply") at 1 (citing *In Re Zimmer Holdings, Inc.*, 600 F.3d 1378, 1381 (Fed. Cir. 2010)). Plaintiff argues that its choice of forum strongly favors retaining venue in this Court because the Eastern District of Virginia is its home forum. Pl.'s Opp. to Defs.' Joint Mot. to Transfer ("Pl.'s Opp. to Transfer") at 4 (citing *IntraNexus, Inc. v. Siemens Med. Solutions Health Servs. Corp.*, 227 F.Supp.2d 581, 583 (E.D. Va. 2002)). Plaintiff asserts that it selected Virginia as the home for its U.S. business because of its contract with Autoclerk Inc., "a national company" with "clients throughout the United States" and "a minimal presence in Virginia," as well as its interest in "growing and enforcing its portfolio of United States patents." Pl.'s Opp. to Transfer at 2. In response to Plaintiff's assertion of home forum deference, Defendants argue that Plaintiff is a Canadian company and only established its United States presence in Virginia less than three months before filing suit. Defs.' Transfer Reply at 2. Furthermore, Defendants argue that Plaintiff's bare bones office (as depicted in an exhibit to Plaintiff's own filings), hiring of one employee (merely ten days prior to filing the suit), and recent License Agreement with REC Software Inc. of Canada securing rights to the '936 patent in exchange for $100.00 (one week prior to the suit) indicate that this Court should not give substantial weight to Plaintiff's selection of this district

6

for venue as its home forum. *Id.* at 2-4.

In light of these facts and Plaintiff's own characterization of its presence in Virginia, this Court finds that Plaintiff's choice of forum does not weigh in favor of denying transfer despite the fact that it is Plaintiff's proposed home forum. Plainitff's own description of why it chose to incorporate does not indicate that it performs any research or development of new technology in this district. Rather, its recent incorporation in this district (for the purpose of enforcing United States patents), existence of only one employee, and limited business practices indicate that Plaintiff's connection to the Eastern District of Virginia is tenuous and selection of this district as a home forum should not be awarded substantial deference. *See Pragmatus AV, LLC v. Facebook, Inc. et al.*, No. 1:10-cv-1288, 2011 WL 320952 (E.D. Va. Jan. 27, 2011) (transferring a case from plaintiff's home district because of Plaintiff's tenuous connection to this district). Furthermore, there is no evidence to suggest that there is a strong connection between Plaintiff's choice of forum and the cause of action. In light of these facts, the Court concludes that Plaintiff's choice of forum is not entitled to substantial weight. *See GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F.Supp.2d 517, 519 (E.D. Va. 1999).

## 2.      Party and Witness Convenience and Access

A federal court considering a motion to transfer venue must consider how convenient and accessible the venue is to the parties and witnesses. Defendants argue that the Western District of Washington is convenient and accessible to all parties, including Plaintiff. Defendants have provided affidavits outlining key sources of evidence from Defendants Microsoft (e.g., the development and marketing of accused products, potential prior art evidence, location of Mr. Bart Eppenaur - the inventor's contact at Microsoft) and stating that all of Microsoft's known

witnesses and evidence will be from its headquarters in the transferee district. Defs.' Transfer Reply at 11; Carmichael Decl. at ¶¶ 1-10. Defendants have also provided information describing testimony and evidence from SAP and indicating that any information regarding Plaintiff's claims against its "NetWeaver" product will come from SAP's headquarters in Germany and its research and development lab in Palo Alto, California. Defs.' Transfer Reply at 16; Hans Decl. at ¶¶ 1-12. Furthermore, Defendants assert that while SAP does maintain an office in Virginia, its contacts with Virginia are completely unrelated to the accused activity. Defs.' Transfer Reply at 17; Carmichael Decl. at ¶¶ 11-13. In regards to Bamboo as a party witness, Defendants argue that Bamboo does not affect the convenience factor analysis because the allegations of infringement against it are based on Microsoft's integrated software. Defs.' Transfer Reply at 17 (citing *In re Acer America Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) for the proposition that a defendant who is accused based on the integrated software of another defendant will have an insignificant amount of witnesses); Hans Decl. at ¶¶ 1-12   Finally, Defendants argue that the Western District of Washington is convenient for Plaintiff because both its parent company and the sole signatory to the License and Sublicense agreements for the '936 patent (Mr. Pickett) are located far from the Eastern District of Virginia, in Canada. Defs.' Transfer Reply at 14-15.

Plaintiff does not deny that the transferee district is more convenient to Defendants Microsoft and SAP. Rather, Plaintiffs assert that Microsoft's presence in Virginia, SAP America's headquarters in Pennsylvania and SAP AG's headquarters in Germany indicate convenience because they are geographically closer to this district. Pl.'s Opp. to Transfer at 1 and 16. Despite Plaintiff's argument that this district is geographically closer to the scattered parties, this Court concludes that the evidence and witnesses specific to the accused products and

activities (as they relate to Microsoft and SAP) are not located in the Eastern District of Virginia, but rather are more convenient to and accessible in the Western District of Washington. Plaintiff further asserts that both REC and Bamboo are headquartered within the Eastern District of Virginia, and thus are convenient and accessible within this district. Pl.'s Opp to Transfer at 16. However, Plaintiff has not provided persuasive evidence or arguments indicating that witnesses or evidence related to the claim are located in this district. Consequently, the Court concludes that party convenience and access weighs in favor of transfer.

Defendants also assert that the transferee district is convenient to some of the critical non-party witnesses in the case, such as the inventor, prosecutors and owner of the patent. *See Pragmatus* at *8 ("many of the claims and defenses that arise in patent infringement lawsuits . . . require the testimony of the inventors, lawyers who filed the patent applications, and the owners of the intellectual property while the patent applications were pending."). Specifically, Defendants assert that Mr. Pickett, the inventor, is in Vancouver, Canada; the patent prosecutors, Mr. Donald B. Haslett and Mr. Kevin Russell, are in Portland, Oregon; and the patent owner, REC Software, Inc., is in Vancouver, Canada. Defs.' Transfer Reply at 13 (referencing Pond Decl. at ¶ 4, Exhs. B, D, F). In response to this assertion, Plaintiff argues that Mr. Pickett is closer to Virginia based on his location in Montreal, Canada. Pl.'s Opp. to Transfer at 13; Pickett Decl. at ¶ 7. Furthermore, Plaintiff references non-party witnesses, such as Mr. Simon Linnett (financial advisor to REC Software, Inc.), Mr. Kevin Russell, Mr. Donald B. Haslett, Mr. David Anthony (retired from accounting services at REC Software, Inc.) and provides declarations from each individual stating that they would be willing to travel to the Eastern District of Virginia to testify but not willing to travel to the Western District of Washington

"absent any change in circumstance." *See* Russell Decl. at ¶ 3; Haslett Decl. at ¶ 3; Linnett Decl. at ¶ 3; Anthony Decl. at ¶ 5. However, in reviewing these declarations, the Court notes that none of these potentially unwilling witnesses are actually located within this district.[1] Therefore, absent their statements of willingness, and given the vast distances that these potential witnesses would have to travel to get to either district, this Court concludes that witness convenience and access does not weigh in Plaintiff's favor as both districts are similarly inconvenient for the non-party witnesses.[2]

In light of this analysis, the Court concludes that witness convenience and access weighs in favor of transferring the case to the Western District of Washington because 1) most of the evidence and activities of the parties as it relates to the accused products and activities are located in or near the transferee district and 2) the identified non-party witnesses reside far outside of the Eastern District of Virginia, thus making travel similarly inconvenient for either

---

[1] The Court notes that Plaintiff provided, through a declaration from Mr. Richard Lyon (counsel of record for REC), a list of potential third party witnesses and their relative geographical relation to both the Eastern District of Virginia and Western District of Washington. This list identifies three potential witnesses (out of 34) that reside in Virginia and indicates that non-party witnesses are on average 973 miles closer to the Eastern District of Virginia. Lyon Decl. at ¶ 7. However, there is no indication of how these individuals are related to the claims or issues regarding this case. Therefore, the Court has based its analysis on the non-party witnesses discussed in both parties filings as these witnesses have been recognized by the courts as key witnesses based on their roles as patent prosecutors, inventors, etc.

[2] Plaintiff argues that the willingness to travel is the "touchstone of the inconvenience inquiry." Pl.'s Opp. to Transfer at 14 (referencing *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F.Supp.2d 708, 719 (E.D. Va. 2005)). However, this Court notes that the witnesses' declarations do not indicate a complete unwillingness to travel to the Western District of Washington if called upon to testify. Rather, they specifically indicate that "absent any change in circumstance" they would not be willing to travel to the transferee district. Given this phraseology, the Court finds that a proper transfer of venue would qualify as a "change in circumstance."

district.

### 3.    The Interest of Justice

Finally, § 1404(a) requires a court to consider the "interest of justice," an analysis

encompassing those factors unrelated to witness and party convenience. This "interest of justice"

includes circumstances such as "the pendency of a related action, the court's familiarity with the

applicable law, docket conditions, access to premises that might have to be viewed, the

possibility of unfair trial, the ability to join other parties, and the possibility of harassment."

*Acterna, LLC v. Adtech, Inc.*, 129 F.Supp.2d 936, 940 (E.D. Va. Feb. 2, 2001) (quoting *Bd. of*

*Trustees v. Baylor Heating and Air Conditioning*, 702 F.Supp. 1253, 1260 (E.D. Va. 1988)).

Plaintiff contends that "docket conditions" is the only consideration relevant in this case. Pl.'s

Opp. to Transfer at 28. While acknowledging that this is not a significant factor, Plaintiff argues

that the average time to trial for a patent case in this district is lower than that of the Western

District of Washington (roughly 12 months versus 26 months respectively). *Id.* at 29. Citing this

Court's recent decision in *Pragmatus AV, LLC v. Facebook, Inc. et al.*, Defendants argue that

this consideration should remain minor because it invites forum shopping. Defs.' Transfer Reply

at 18.

As courts in this district have previously explained, "[d]ocket conditions, although

relevant, are a minor consideration when all other reasonable and logical factors would result in a

transfer of venue." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F.Supp.2d 517, 519 (E.D.

Va.1999). As the Court notes in *Acterna*, "if this rule were otherwise, every company with a

national market and a patent infringement claim would be entitled to venue in this district. The

result would be untenable and this can never be the rule." *Acterna*, 129 F.Supp.2d at 940. "This

11

Court cannot stand as a willing repository for cases which have no real nexus to this district.  The

'rocket docket' certainly attracts plaintiffs, but the Court must ensure that this attraction does not

dull the ability of the Court to continue to act in an expeditious manner." *Cognitronics Imaging*

*Systems, Inc. v. Recognition Research Inc.*, 83 F.Supp.2d 689, 699 (E.D. Va. 2000) (citing

*Schlegel U.K. Holdings Ltd. v. Cooper Tire & Rubber Co., Inc.,* no. 970522- A, slip op. at 18

(E.D.Va. June 10, 1997)).  Therefore, while this factor may slightly favor Plaintiff, it cannot be

the Court's sole reason for retaining jurisdiction.

Having carefully considered whether this matter should be transferred to the Western

District of Washington, this Court concludes that transfer is appropriate.  There is little reason for

this Court to retain jurisdiction over this matter.  Plaintiff could have brought its claim in the

Western District of Washington.  Plaintiff's "choice of forum" and "interest of justice"

considerations only slightly favor this Court retaining jurisdiction.  In contrast, "convenience to

the parties" and "convenience to the witnesses" considerations clearly favor transferring this case

to the Western District of Washington.  Given the facts of this case, the Western District of

Washington is a much more logical and convenient venue than is this district.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Transfer Venue to the United

States District Court for the Western District of Washington is **GRANTED**.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order

to counsel of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
March 3/, 2011

13