

1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
                                              AT SEATTLE
9

10    REC SOFTWARE USA, INC.,                          CASE NO. C11-0554JLR

11                        Plaintiff,                   ORDER

12              v.

13    BAMBOO SOLUTIONS
      CORPORATION, et al.,
14
                          Defendants.
15
                                   I.        INTRODUCTION
16
              This matter comes before the court on Defendant Microsoft Corporation's
17
      ("Microsoft") motion for leave to file a motion for partial summary judgment of no
18
      willful infringement.  (Mot. for Leave (Dkt. # 283).)  Attached to the motion for leave,
19
      Microsoft submitted its proposed motion for partial summary judgment of no willful
20
      infringement.  (Mot. Partial SJ (Dkt. # 283-1).)  Plaintiff REC Software USA, Inc.
21
      ("REC") opposes Microsoft's motion for leave.  (Resp. (Dkt. # 303).)  Having considered
22

1  Microsoft's motion for leave, the proposed motion for partial summary judgment, REC's

2  response, the balance of the record, and the governing law, the court DENIES

3  Microsoft's motion for leave (Dkt. # 283) without prejudice to again raise the argument

4  at an appropriate time during or following trial.

5       By its present motion, Microsoft seeks to file an out-of-time partial summary

6  judgment motion of no willful infringement. (*See generally* Mot.)   The deadline for

7  filing dispositive motions in this matter was May 29, 2012. (*See* Scheduling Order (Dkt.

8  # 94).)   Therefore, allowing Microsoft to file its motion for partial summary judgment

9  would require modification of the court's scheduling order.   A court may modify a

10  scheduling order for good cause.   Fed. R. Civ. P 16(b)(4).   This good cause standard

11  "primarily considers the diligence of the party seeking the amendment." *Johnson v.*

12  *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).   To establish good cause,

13  the party seeking the modification of a scheduling order must generally show that even

14  with the exercise of due diligence, they cannot meet the requirement of the order.   *Id.*

15  The district court is given broad discretion in supervising the pretrial phase of litigation.

16  *Id.* at 607.   On motion or on its own, the court may issue any just orders if a party or its

17  attorney fails to obey a scheduling or other pretrial order.   Fed. R. Civ. P. 16(f)(1)(C).

18       Microsoft justifies its untimely motion on two grounds.   First, Microsoft contends

19  that the Federal Circuit's June 14, 2012, decision in *Bard Peripheral Vascular, Inc. v.*

20  *W.L. Gore & Assocs., Inc.*, 682 F.3d 1003 (Fed. Cir. 2012), significantly changed the

21  standard for proving a claim of willful infringement and that REC cannot show

22  Microsoft's actions met the *Bard* standard.   (Mot. Partial SJ at 6.)   Second, Microsoft

ORDER- 2

asserts that recently-produced documents from REC demonstrate that REC previously

held claim positions consistent with Microsoft's current positions, and therefore

Microsoft's defenses in this action are reasonable and Microsoft is entitled to summary

judgment of no willfulness.  (Mot. Partial SJ at 8.)  For the following reasons, the court

finds that neither of Microsoft's arguments demonstrates good cause for amending the

court's scheduling order or that Microsoft is entitled to judgment as a matter of law on

summary judgment.[1]  Accordingly, the court DENIES Microsoft's motion for leave to

file its motion.

      With respect to Microsoft's first argument, in *Bard*, the Federal Circuit further

developed the standard for willfulness articulated by *In re Seagate Technology, LLC*, 497

F.3d 1360 (Fed. Cir. 2007), which established a two-prong test for willfulness.  *Bard*, 682

F.3d at 1005 (quoting *In re Seagate*, 497 F.3d at 1371.  The first prong of the test

requires the patentee to show "by clear and convincing evidence that the infringer acted

despite an objectively high likelihood that its actions constituted infringement of a valid

patent."  *Seagate*, 497 F.3d at 1371.  In describing the requirement of the first prong, the

Federal Circuit stated that "proof of willful infringement permitting enhanced damages

requires at least a showing of objective recklessness . . . ."  *Id.*  If this "threshold

_____

[1] Microsoft also contends that REC cannot show that Microsoft's actions constitute
willful infringement because (1) Microsoft's positions on claim construction, non-infringement,
and invalidity were reasonable; (2) REC repeatedly assured Microsoft that it did not believe
Microsoft infringed; and (3) REC did not allege infringement of Microsoft's .NET product for a
decade after it was publicly released.  Although these facts, if true, all support Microsoft's
argument against willful infringement, all of these facts were known to Microsoft prior to the
deadline for dispositive motions, and therefore cannot be the basis for a showing of good cause
to amend the scheduling order.

ORDER- 3

1  objective standard is satisfied, the patentee must also demonstrate that this objectively

2  defined risk . . . was either known or so obvious that it should have been known to the

3  accused infringer." *Id.*  In *Bard*, the Federal Circuit provided further guidance regarding

4  the application of this two-prong standard, reasoning that the objective prong presents

5  mainly a question of law, as it "entails an objective assessment of potential defenses

6  based on the risk presented by the patent." *Bard*, 682 F.3d at 1006.  The Federal Circuit

7  therefore concluded that this prong "is best decided by the judge as a question of law."

8  *Id.* at 1006-07.

9       The objective prong requires a retrospective assessment of the merits of the entire

10  litigation "based on the record ultimately made in the infringement proceedings."  *Id.* at

11  1008 (directing the district court to determine in the first instance, "based on the record

12  ultimately made in the infringement proceedings, whether a reasonable litigant could

13  realistically expect [its positions] to succeed" (internal quotation marks omitted)); *iLOR,*

14  *LLC v. Google, Inc.*, 631 F.3d 1372, 1378 (Fed. Cir. 2011); *Seagate*, 497 F.3d at 1371

15  (stating that the objective prong is "determined by the record developed in the

16  infringement proceeding").  The question is whether, in light of that record, "no

17  reasonable litigant could realistically expect success on the merits."  *Prof'l Real Estate*

18  *Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993).  The objective

19  prong is a single backwards-looking inquiry into the reasonableness of the claims in light

20  of the full record.  *See iLOR*, 631 F.3d at 1377-78.

21       Thus, the Federal Circuit's *Bard* decision in no way changed the standard for

22  showing willful infringement, but only clarified that the judge would be the arbiter of the

1   threshold objective-prong of such a showing.  In other words, the analysis of whether

2   Microsoft's actions, as a matter of law, meet the objective prong of willful infringement

3   did not change post-*Bard*.  As such, the *Bard* decision cannot be the basis for Microsoft's

4   untimely motion for partial summary judgment of no willful infringement, as this motion

5   could have been brought prior to the *Bard* decision.

6       Similarly, REC's recently-produced documents—which, according to Microsoft,

7   reveal that REC embraced several positions regarding claim construction and non-

8   infringement that are consistent with Microsoft's current positions—cannot be the basis

9   to show good cause for amending the court's scheduling order.  A determination of

10  whether a party's proposed claim constructions were reasonable, so as to defeat a claim

11  of willful infringement, can be made by examining only the intrinsic evidence (the claim

12  language, specification, and prosecution history) to the patent-in-suit.  *See iLOR*, 631

13  F.3d at 1379 ("In light of the claim terms, specification, and prosecution history, we

14  believe that iLOR could reasonably argue for the claim construction that it proposed.").

15  Thus, Microsoft could have brought its motion for partial summary judgment of no

16  willful infringement before receiving REC's recently-produced documents, and the court

17  finds that these documents do not provide good cause for amending the court's

18  scheduling order.

19      Moreover, even if Microsoft had shown good cause for filing its motion for partial

20  summary judgment, the court is not persuaded that the recently-produced documents

21  demonstrate that Microsoft is entitled as a matter of law to a finding of no willful

22  infringement.  Even if true, the fact that REC at one point, prior to litigation, took

1    positions on claim construction and non-infringement that are consistent with Microsoft's

2    current positions does not demand a finding of no willful infringement.  Microsoft has

3    provided the court with no authority to suggest such a result is required, and the court can

4    find none.  Instead, the court must examine the "objective prong" of willfulness "based

5    on the record ultimately made in the infringement proceedings" and determine whether a

6    "reasonable litigant could realistically expect success on the merits."  *Prof'l Real Estate*,

7    508 U.S. at 60.

8           The court's finding of this order does not indicate the court's position with respect

9    to the "objective prong" of willful infringement.  Simply put, this order is limited to a

10   ruling that the recently-produced documents do not show good cause for amending the

11   court's scheduling order.  The court is aware that post-*Bard* it is required to make a

12   threshold ruling of law with respect to the "objective prong" of willfulness.  Upon a

13   timely motion by Microsoft, such as a motion for judgment as a matter of law, the court

14   is prepared to make this requisite ruling based on the record developed during trial.

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

ORDER- 6

1

## IV.    CONCLUSION

2          For the foregoing reasons, the court DENIES Microsoft's motion for leave to file a

3    motion for partial summary judgment of no willful infringement without prejudice (Dkt.

4    # 283).

5          Dated this 28th day of August, 2012.

6

7

8    _____

9    JAMES L. ROBART
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 7