THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REC SOFTWARE USA, INC.,<br><br>Plaintiff,<br>v.<br><br>BAMBOO SOLUTIONS CORPORATION; MICROSOFT CORPORATION; SAP AMERICA, INC., and SAP AG,<br><br>Defendants. | Case No. 2:11-cv-0554-JLR<br><br>MICROSOFT CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF READY FOR PATENTING<br><br>NOTE ON MOTION CALENDAR:<br>Friday, August 23, 2013 |

## I. INTRODUCTION

Microsoft Corporation ("Microsoft") respectfully moves for partial summary judgment that REC Software USA, Inc.'s ("REC") U.S. Patent No. 5,854,936 ("the '936 patent"), claims 1 and 8, were ready for patenting before the patent's August 22, 1990 "critical date." Microsoft's technical expert Dr. Michael Kogan detailed his opinions on this issue in a 100+ page expert report comparing REC's PBS system to the asserted claims of the '936 patent. REC's technical expert Dr. John Levine failed to rebut a single substantive opinion made by Dr. Kogan. Indeed, Dr. Levine did not even allege to have examined REC's PBS system in forming his opinion. Instead, Dr. Levine merely relied on ***a single statement from REC's counsel*** to form his rebuttal opinion. Specifically, Dr. Levine's report appears to take the

FISH &RICHARDSON P.C.
1221 MCKINNEY ST., SUITE 2800
HOUSTON, TX 77010
TEL: (713) 654-5300 FAX: (713) 652-0109

position that he does not need to rebut Dr. Kogan's opinions that the PBS system was "ready for patenting" simply because REC's counsel told him that the PBS system was not on sale or in public use. Dr. Levine's rebuttal thus merely concludes that REC's PBS system is not "prior art"—a different issue on which Dr. Kogan did not opine. In light of Microsoft's overwhelming and unrebutted evidence that the PBS system was ready for patenting, Microsoft is entitled to summary judgment that the subject matter in the '936 patent was reduced to practice no later than July 11, 1990, and otherwise ready for patenting no later than April 17, 1990.

## II. STATEMENT OF ISSUE TO BE DECIDED

The sole issue for the Court to decide is whether the asserted claims of the '936 patent were ready for patenting no later than August 22, 1990 based on the unrebutted opinion of Dr. Kogan.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. The '936 patent issued on December 29, 1998 and claims priority to U.S. Patent No. 5,649,204, which has an effective filing date of August 22, 1991.

2. The '936 patent's critical date for purposes of the on-sale bar of 35 U.S.C. 102(b) is one year before the patent's priority date, or August 22, 1990.

3. The United States Patent and Trademark office did not consider REC's PBS system during prosecution of the '936 patent.

4. On July 3, 2013, Microsoft's technical expert, Dr. Michael Kogan, served REC an expert report spanning 116 pages regarding the invalidity of the '936 patent.[1]

5. Dr. Kogan opined in his report that the asserted claims of the '936 patent were:

[1] Ex. 1 (July 3, 2013 Third Supplemental Expert Report of Dr. Michael S. Kogan Regarding the Invalidity of United States Patent No. 5,854,936). All cited exhibits are to the concurrently-filed Declaration of Brian G. Strand.

FISH &RICHARDSON P.C.
1221 MCKINNEY ST., SUITE 2800
HOUSTON, TX 77010
TEL: (713) 654-5300 FAX: (713) 652-0109

a. reduced to practice under 35 U.S.C. § 102 (i.e., the elements of the asserted claims were literally met by REC's PBS system) no later than August 12, 1990;

b. reduced to practice under 35 U.S.C. § 103 (i.e., any differences between the elements of the asserted claims and REC's PBS system were obvious in light of the prior art and the knowledge of a person skilled in the art) no later than July 11, 1990; and

c. otherwise ready for patenting (i.e., through REC's preparation of drawings and/or other descriptions of its PBS system that were sufficiently specific to enable a person skilled in the art to practice the asserted claims) no later than April 17, 1990.[2]

6. On July 17, 2013, REC's expert, Dr. John Levine, offered the following five paragraph report in response to Dr. Kogan's report:

> I submit this Report in response to the Third Supplemental Report of Dr. Michael S. Kogan wherein Dr. Kogan opines that "REC's prior art PBS System anticipates or renders obvious the Asserted Claims of the '936 patent." Kogan at 4.
>
> It is my understanding that to be prior art to the Asserted Claims of the '936 patent, as Dr. Kogan contends, REC's PBS System must have been "in public use or on sale in this country, more than one year prior to the date of application for patent in the United States." 35 U.S.C. 102(b).
>
> To support his opinion, Dr. Kogan has assumed (but provided no evidence) that (1) "REC's PBS System was offered for sale in the United States at least one year prior to the priority date of the '936 patent;" Kogan at 20, and (2) "REC's PBS System was publicly used in the United States at least one year prior to the priority date of the '936 patent." Kogan at 21.
>
> **I have been informed by counsel that Dr. Kogan's assumptions (1) and (2) are contrary to the evidence. Accordingly, REC's PBS System is not prior art to the Asserted Claims of the '936 patent.**

[2] *See* Ex. 1 at 83; *see also* concurrently-filed Declaration of Michael S. Kogan.



FISH &RICHARDSON P.C.
1221 MCKINNEY ST., SUITE 2800
HOUSTON, TX 77010
TEL: (713) 654-5300 FAX: (713) 652-0109

> Because REC's PBS System is not prior art to the Asserted Claims of the '936 patent, it is my opinion that REC's PBS System does not anticipate or render obvious the Asserted Claims of the '936 patent.[3]

7. Based on REC's discovery responses to date regarding any alleged differences between REC's PBS system and the asserted claims, Microsoft is unaware of any material facts REC could raise in rebuttal.

8. On July 18, 2013, based on Dr. Levine's report, Microsoft's counsel asked REC's counsel to confirm that REC was not going to specifically contest Dr. Kogan's opinions, and was not going to otherwise contest the ready for patenting prong of Microsoft's on-sale/public use defense.[4]

9. On July 19, 2013, REC's counsel responded that REC continues to contest both Dr. Kogan's opinions and the ready for patenting prong.[5]

## IV. LEGAL STANDARDS

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden of establishing the absence of a genuine issue of material fact is on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (Brennan, J., dissenting on other grounds). When, as here, the movant bears the burden of persuasion at trial, it must present "credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331. The burden of production then shifts to the non-movant, "either to produce evidentiary materials that demonstrate the existence of a 'genuine issue' for trial or to submit an affidavit requesting additional time for discovery." *Id.*

While the challenger must overcome a clear and convincing standard when invalidating a patent, the fact finder may give additional weight to references not considered by the PTO

---

[3] Ex. 2 (July 17, 2013 Supplemental Expert Report of John Levine Re On Sale Bar and Public Use Defenses), at 1 (emphasis added).

[4] *See* Ex. 3 (July 18, 2013 Email from Elacqua to Lyon), at 1.

[5] *See* Ex. 4 (July 19, 2013 Email from Lyon to Elacqua), at 1.

during prosecution of the patent. *See Microsoft Corp. v. i4i Ltd. P'Ship.*, 131 S.Ct. 2238, 2251 ("Simply put, if the PTO did not have all the material facts before it, its considered judgment may lose significant force. And, concomitantly, the challenger's burden to persuade the jury of its invalidity defense by clear and convincing evidence may be easier to sustain.") (internal citation omitted).

A patent is invalid if "the invention was … in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). Under the Supreme Court's holding in *Pfaff*,

> [T]he on-sale bar applies when two conditions are satisfied before the critical date. First, the product must be the subject of a commercial offer for sale. … Second, the invention must be ready for patenting. That condition may be satisfied in at least two ways: by proof of reduction to practice before the critical date; or by proof that prior to the critical date the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention.

*Pfaff v. Wells Electronics, Inc.*, 525 U.S. 55, 67-68 (1998).

## V. ARGUMENT

In his expert report, Dr. Kogan analyzed PBS System documentation and source code located on recently produced backup tapes to determine (1) that all of the elements in the '936 patent's asserted claims were present in the PBS System prototype (i.e., that the asserted claims were reduced to practice), and (2) that REC had prepared documentation sufficient to enable one of ordinary skill in the art to practice the asserted claims. For example, a file restored from one of REC's backup tapes named "PROTOCOL.TEXT," last modified on April 6, 1990, contains the entire command protocol used by the PBS "client" and "server" to make the requests and provide the responses claimed by the '936 patent. *See* Ex. 1, at 38-39. As an additional example, a file named "PROTOMN.TEXT," last modified on April 5, 1990, contains a diagram of the exact type and sequence of client-server interactions claimed by the

FISH &RICHARDSON P.C.
1221 MCKINNEY ST., SUITE 2800
HOUSTON, TX 77010
TEL: (713) 654-5300 FAX: (713) 652-0109

’936 patent. *See id.* at 41. Dr. Kogan’s report contains many pages of detailed analysis demonstrating that each element of the asserted claims existed and was ready for patenting by the ’936 patent’s critical date. *See, e.g., id.* at ¶¶ 188-289. Further, his analysis centers on REC’s source code and documentation files, which REC did not submit to the PTO during prosecution of the ’936 patent’s application.

Dr. Levine’s rebuttal report ignores the issue of whether the asserted claims were reduced to practice or otherwise ready for patenting. Instead, Dr. Levine focuses on whether REC’s PBS system was offered for sale or publicly used in the United States before the critical date—a subject upon which Dr. Kogan did not opine. Toppling his own straw man, Dr. Levine concludes: “I have been informed by counsel that Dr. Kogan’s assumptions (1) and (2) are contrary to the evidence. Accordingly, REC’s PBS System is not prior art to the Asserted Claims of the ’936 patent.” Ex. 2, at 1. Again, Dr. Levine offers no opinion or analysis to rebut Dr. Kogan’s substantive opinions that the asserted claims were reduced to practice or otherwise ready for patenting before the critical date. Yet REC remains adamant that it will contest these issues at trial.

Microsoft’s expert has put forth credible evidence that the ’936 patent was reduced to practice or otherwise ready for patenting on or before August 22, 1990. REC had an opportunity through its expert’s rebuttal report to demonstrate that specific material facts exist which give rise to a genuine issue related to this second prong of the on-sale bar, but REC chose not to do so. REC therefore has no evidentiary basis to demonstrate the existence of a genuine issue for trial, as required by the Federal Rules and controlling case law. *Celotex*, 477 U.S. at 331. Thus, Microsoft respectfully requests summary judgment that the ’936 patent was reduced to practice no later than July 11, 1990, and otherwise ready for patenting no later than April 17, 1990.

FISH &RICHARDSON P.C.
1221 MCKINNEY ST., SUITE 2800
HOUSTON, TX 77010
TEL: (713) 654-5300 FAX: (713) 652-0109

## VI. CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court grant Microsoft's motion and grant summary judgment based on the unrebutted report of Dr. Kogan, that the '936 patent was reduced to practice no later than July 11, 1990, and otherwise ready for patenting no later than April 17, 1990.

DATED this 31st Day of July, 2013.

        FISH & RICHARDSON P.C.

        By    *s/ Benjamin C. Elacqua*

        Ruffin B. Cordell, *admitted pro hac vice*
        cordell@fr.com
        1425 K Street N.W., 11th Floor
        Washington, DC 20005
        Telephone:  (202) 783-5070
        Facsimile:  (202) 783-2331

        Kelly C. Hunsaker, *admitted pro hac vice*
        Hunsaker@fr.com
        500 Arguello Street, Suite 500
        Redwood City, CA 94063
        Telephone:  (650) 839-5070
        Facsimile:  (650) 839-5071

        Benjamin C. Elacqua, *admitted pro hac vice*
        elacqua@fr.com
        Brian G. Strand, *admitted pro hac vice*
        strand@fr.com
        One Houston Center, 28th Floor
        1221 McKinney
        Houston, TX 77010
        Telephone: (302) 652-5070
        Facsimile: (302) 652-0607

        Scott Penner, *admitted pro hac vice*
        Penner@fr.com
        Joanna Fuller, *admitted pro hac vice*
        jfuller@fr.com
        12390 El Camino Real
        San Diego, CA 92130-2081

Telephone: 858-678-5070
Facsimile: 858-678-5099

Arthur W. Harrigan, Jr., WSBA #1751
arthurh@calfoharrigan.com
Christopher Wion, WSBA #33207
chrisw@calfoharrigan.com
Shane P. Cramer, WSBA #35099
shanec@calfoharrigan.com
CALFO HARRIGAN LEYH & EAKES, LLP
999 Third Avenue, Suite 4400
Seattle, Washington 98104
Telephone: (206) 623-1700
Facsimile: (206) 623-8717

Isabella Fu, WSBA #37190
isabella.fu@microsoft.com
MICROSOFT CORPORATION
1 Microsoft Way
Redmond, W A 98052
Telephone: (425) 882-8080
Facsimile: (425) 869-1327

***Counsel for Defendant Microsoft Corp.***

MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Case No. 2:11-cv-554-JLR)

- 8

**FISH &RICHARDSON P.C.**
1221 MCKINNEY ST., SUITE 2800
HOUSTON, TX 77010
TEL: (713) 654-5300 FAX: (713) 652-0109

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bradley S. Keller
Jofrey M. McWilliam
Byrnes Keller Cromwell
1000 Second Avenue, 38th Floor
Seattle, WA 98104-4082
bkeller@byrneskeller.com
jmcwilliam@byrneskiller.com

Gregory Scott Dovel
Richard Elgar Lyon III
Dovel & Luner LLP
20 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
greg@dovellaw.com
rick@dovellaw.com

*s/ Benjamin C. Elacqua*
Benjamin C. Elacqua

50907085.docx

MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Case No. 2:11-cv-554-JLR)

- 9

FISH &RICHARDSON P.C.
1221 MCKINNEY ST., SUITE 2800
HOUSTON, TX 77010
TEL: (713) 654-5300 FAX: (713) 652-0109