**The Honorable James L. Robart**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REC Software USA, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>Bamboo Solutions Corporation; Microsoft Corporation; SAP America, Inc.; and SAP AG,<br><br>Defendants. | CASE NO. C11-554-JLR<br><br>**REC's Opposition to Microsoft's Motion for Partial Summary Judgment of Ready for Patenting** |

REC's Opp. to Ready for Patenting MSJ
Case No. C11-554-JLR

DOVEL & LUNER LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**Table of Contents**

I.   Introduction ..........................................................................................................................1

II.  Summary judgment standard ................................................................................................1

III. Legal standard of § 102(b) ....................................................................................................1

IV.  Microsoft cannot meet its burden of demonstrating the absence of disputed material facts ...........................................................................................................................2

   A.  Microsoft cannot meet its burden of demonstrating the absence of disputed material facts that the PBS System was a "reduction to practice" of the asserted claims ...............................................................................2

       1.  Microsoft has not presented "unrebutted evidence" that the PBS System meets all the elements of the asserted claims .........................3

       2.  Microsoft has not presented "unrebutted evidence" that it would have been obvious to add any elements of the asserted claims missing from the PBS System ...........................................4

   B.  Microsoft cannot meet its burden of demonstrating the absence of disputed material facts that drawings or descriptions of the PBS System were an enabling disclosure of the asserted claims .....................................6

V.   Conclusion ............................................................................................................................7

REC's Opp. to Ready for Patenting MSJ
Case No. C11-554-JLR- i

DOVEL & LUNER LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
(310) 656-7066

**Table of Authorities**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*,
  694 F.3d 1312 (Fed. Cir. 2012) ................................................................................................ 5

*ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*,
  807 F. Supp. 2d 544 (E.D. Va. 2011) ....................................................................................... 5

*Amgen Inc. v. F. Hoffmann-La Roche, Ltd.*,
  580 F.3d 1340 (Fed. Cir. 2009) ................................................................................................ 1

*Anderson v. Liberty Lobby*,
  477 U.S. 242 (1986) .................................................................................................................. 1

*Commonwealth Sci. & Indus. Research Organisation v. Buffalo Tech. (USA), Inc.*,
  542 F.3d 1363 (Fed. Cir. 2008) ................................................................................................ 1

*Gemmy Indus. Corp. v. Chrisha Creations, Ltd.*,
  452 F.3d 1353 (Fed. Cir. 2006) ................................................................................................ 3

*Helifix, Ltd. v. Blok-Lok, Ltd.*,
  208 F.3d 1339 (Fed. Cir. 2000) ................................................................................................ 4

*Kinetic Concepts, Inc. v. Blue Sky Med. Group, Inc.*,
  554 F.3d 1010 (Fed. Cir. 2009) ................................................................................................ 4

*Pfaff v. Wells Electronics, Inc.*,
  525 U.S. 55 (1998) .................................................................................................................... 2

*Rhone-Poulenc Agro Sa v. Dekalb Genetics Corp.*,
  272 F.3d 1335 (Fed. Cir. 2001) ................................................................................................ 5

*Tyco Healthcare Group LP v. Ethicon Endo-Ssurgery*,
  2013 U.S. Dist. LEXIS 43992 (D. Conn., March 28, 2013) .................................................... 5

**Statutes**

35 U.S.C. § 102(b) ......................................................................................................................... 1

REC's Opp. to Ready for Patenting MSJ
Case No. C11-554-JLR- ii

**DOVEL & LUNER LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
(310) 656-7066

## I. Introduction.

Based on the conclusions of its expert, Dr. Michael Kogan, Microsoft seeks partial summary judgment that the asserted claims "were ready for patenting before the patent's August 22, 1990 'critical date.'" Mot. at 1. Microsoft's motion is premised on its assertion that Dr. Kogan's opinions are "unrebutted evidence." Mot. at 2. But this assertion is incorrect. Dr. Kogan's opinions are not "unrebutted evidence." They are rebutted by contrary evidence – the opinions of REC's own expert, Dr. John Levine. Because there are disputed issues of material fact, Microsoft's motion for partial summary judgment must be denied.

## II. Summary judgment standard.

"A patent is presumed to be valid, and this presumption only can be overcome by clear and convincing evidence to the contrary." *Amgen Inc. v. F. Hoffmann-La Roche, Ltd.*, 580 F.3d 1340, 1366 (Fed. Cir. 2009) (internal quotes omitted). "While the ultimate question of patent validity is a question of law, the proper resolution of that ultimate question typically turns on underlying factual inquiries, including the scope and content of the prior art and the differences between the prior art and the claims at issue." *Commonwealth Sci. & Indus. Research Organisation v. Buffalo Tech. (USA), Inc.*, 542 F.3d 1363, 1375 (Fed. Cir. 2008) (emphasis added). In evaluating a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

## III. Legal standard of § 102(b).

A patent is invalid if "the invention was … in public use [*i.e.*, the public use bar] or on sale [*i.e.*, the on-sale bar] in this country, more than one year prior to the date of the application for patent in the United States [*i.e.*, the critical date]." 35 U.S.C. § 102(b). "[T]he on-sale bar applies when two conditions are satisfied before the critical date. First, the product must be the

REC's Opp. to Ready for Patenting MSJ
Case No. C11-554-JLR- 1

**DOVEL & LUNER LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
(310) 656-7066

subject of a commercial offer for sale [in this country]. … Second, the invention must be ready for patenting." *Pfaff v. Wells Electronics, Inc*., 525 U.S. 55, 67-68 (1998).

Microsoft's motion for partial summary judgment is limited to the second condition of the "on-sale bar" defense – *i.e*., "ready for patenting." "That [second] condition may be satisfied in at least two ways: [A] by proof of reduction to practice before the critical date; or [B] by proof that prior to the critical date the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention." *Pfaff*, 525 U.S. at 67-68.

Accordingly, to prevail on its motion, Microsoft must demonstrate the absence of disputed issues of material facts underlying its assertions that (A) the asserted claims were reduced to practice prior to the August 22, 1990 critical date, or (B) Mr. Pickett had prepared drawings or descriptions sufficient to enable a person skilled in the art to practice the asserted claims prior to the August 22, 1990 critical date.

As demonstrated below, there are disputed material facts underlying both (A) and (B), and therefore Microsoft's motion must be denied.

**IV.   Microsoft cannot meet its burden of demonstrating the absence of disputed material facts.**

    **A.   Microsoft cannot meet its burden of demonstrating the absence of disputed material facts that the PBS System was a "reduction to practice" of the asserted claims.**

Microsoft offers two theories that the asserted claims were reduced to practice prior to the critical date. Each is based on the opinions of its expert, Dr. Michael Kogan, that REC's PBS System is a reduction to practice of the asserted claims:

(1) <u>Dr. Kogan's "PBS meets every element" opinion</u>: "Dr. Kogan opined in his report that the asserted claims of the '936 patent were … reduced to practice under 35 U.S.C. § 102

REC's Opp. to Ready for Patenting MSJ
Case No. C11-554-JLR- 2

**DOVEL & LUNER LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

(*i.e.*, the elements of the asserted claims were literally met by REC's PBS System) no later than August 12, 1990," Mot. at 2-3; and,

(2) <u>Dr. Kogan's "PBS renders any missing elements obvious" opinion</u>: "Dr. Kogan opined in his report that the asserted claims of the '936 patent were … reduced to practice under 35 U.S.C. § 103 (*i.e.*, any differences between the elements of the asserted claims and REC's PBS System were obvious in light of the prior art and the knowledge of a person skilled in the art) no later than July 11, 1990." Mot. at 2-3.

Microsoft contends that it is entitled to partial summary judgment because Dr. Kogan's opinions (1) and (2) are "unrebutted evidence." Mot. at 2. But Microsoft is wrong. Both opinions (1) and (2) are rebutted by contrary evidence – the opinions of REC's expert, Dr. Levine. Because REC presents expert testimony that could, and should, lead a reasonable trier of fact to conclude that (1) the PBS System does not meet all the elements of the asserted claims, and (2) it would not have been obvious to one of ordinary skill in the art modify the PBS System to add the missing elements, Microsoft is not entitled to summary judgment. We demonstrate (1) and (2) in turn.

**1.   Microsoft has not presented "unrebutted evidence" that the PBS System meets all the elements of the asserted claims.**

"[T]hat the product was 'ready for patenting,' could not be deemed to have been met in accordance with summary judgment standards" when there is evidence that the product "did not have [a particular element] as required by all the claims." *Gemmy Indus. Corp. v. Chrisha Creations, Ltd.*, 452 F.3d 1353, 1359-60 (Fed. Cir. 2006) (vacating district court's finding at summary judgment that the claims were "ready for patenting").

REC presents evidence that could, and should, lead a reasonable trier of fact to conclude that REC's PBS System does not have a particular element required by all of the asserted claims.

REC's Opp. to Ready for Patenting MSJ
Case No. C11-554-JLR- 3

**DOVEL & LUNER LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

It is undisputed that the PBS System only stores module information in primary storage (*i.e.*, RAM), not in secondary, or non-volatile, storage (like disk).  Lyon Decl., ¶ 2, Ex. 1 at ¶229.  And REC presents evidence that a system that stores module information in primary storage (*i.e.*, RAM) instead of secondary, or non-volatile, storage (like disk) does <u>not</u> meet all the elements of the asserted claims.  Levine Decl. ¶2, Ex. 1 at 65-66.  In particular, Dr. Levine has opined that a system that only stores "module information" in RAM cannot meet the claim element "in response to finding said module information in said module information table, reading said module information."  *Id.*

Accordingly, there is a genuine issue of material fact as to whether the PBS System includes a required element of the asserted claims.  Summary judgment that the asserted claims were "ready for patenting" based on the PBS System is therefore improper.  *See Helifix, Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1350 (Fed. Cir. 2000) ("We conclude that summary judgment [under §102(b)] was improper because there is a genuine issue of material fact as to whether the method claimed … was ready for patenting"  due to "a genuine issue of material fact as to whether [the product in question] meet[s] the claim limitations"); *see also Kinetic Concepts, Inc. v. Blue Sky Med. Group, Inc.*, 554 F.3d 1010, 1020 (Fed. Cir. 2009) (holding that "testimony of [plaintiff's expert] witnesses was sufficient to allow the jury to reach the conclusion that the [prior art did not teach the limitation] as required by the claims").

      **2.**    **Microsoft has not presented "unrebutted evidence" that it would have been obvious to add any elements of the asserted claims missing from the PBS System.**

To support its theory that it would have been obvious to add the missing claim element, Microsoft relies on the following opinion from Dr. Kogan: "to the extent that the 'module information table' is required to be persisted to disk, it is my opinion that <u>it would have been obvious to one of ordinary skill in the art to modify</u> REC's [PBS] System to persist the data

REC's Opp. to Ready for Patenting MSJ
Case No. C11-554-JLR- 4

DOVEL & LUNER LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
(310) 656-7066

structures comprising the identified 'module information table' to non-volatile storage (e.g., disk)." Lyon Decl., ¶ 2, Ex. 1 at ¶229.

Microsoft again contends that Dr. Kogan's opinion is "unrebutted evidence" that entitles it to partial summary judgment. Microsoft's contention fails for two reasons.

*First*, "[i]n an obviousness determination, some evidentiary support must be offered beyond an expert's conclusory opinion." *Rhone-Poulenc Agro Sa v. Dekalb Genetics Corp.*, 272 F.3d 1335, 1358 (Fed. Cir. 2001). But Dr. Kogan's obviousness opinion – *i.e.*, that "it would have been obvious to one of ordinary skill in the art to modify REC's [PBS] System …," Lyon Decl., ¶ 2, Ex. 1 at ¶229 – is pure conclusion. Dr. Kogan provides <u>zero</u> evidence or analysis in support of his conclusion. For example, he does not identify any reason *why* one of ordinary skill in the art would modify the PBS System to include the missing element. Nor does he identify another prior art system to combine with the PBS System to supply the missing element. Nor does he offer any explanation why one of ordinary skill in the art would have had any reason to make this (unidentified) combination. *See, e.g., ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*, 807 F. Supp. 2d 544, 562 (E.D. Va. 2011) ("[T]he Court finds Mr. Schmandt's testimony insufficient as a matter of law to support a finding of obviousness on any of the asserted claims of ActiveVideo's patents" because "Mr. Schmandt failed to offer any explanation as to why it would be obvious to combine the teachings of [two prior art references], beyond the fact that the system would be more efficient.") (*affirmed, ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012)); *Tyco Healthcare Group LP v. Ethicon Endo-Ssurgery*, 2013 U.S. Dist. LEXIS 43992, *102 (D. Conn., March 28, 2013) ("Dr. Cimino's conclusory opinion that it would have been obvious to try placing the tissue clamps on the jaw in light of the Davison '055 patent does not explain why one would have a reason to do so, and thus, the Court does not find this claim to be obvious.").

REC's Opp. to Ready for Patenting MSJ
Case No. C11-554-JLR- 5

**DOVEL & LUNER LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
(310) 656-7066

*Second*, Microsoft's obviousness argument rests on the false assertion that Dr. Kogan's opinions are "unrebutted." REC presents evidence that it would not have been obvious to modify a system that stores module information in primary storage like RAM (*i.e.*, as the PBS System does) into a system that stores module information in secondary storage like disk. In particular (and in contrast to Dr. Kogan's conclusory opinions), REC's expert explains that (1) "storing the linkage information in primary storage like RAM teaches away from the invention's requirement that the module information be stored in a data structure on disk," Levine Decl., ¶2, Ex. 1 at 67; and (2) modifying a system to store "module information" on disk was contrary to the "accepted paradigms and conventional wisdom in the field of endeavor" at the time of the invention. *Id*. at 72-73. Accordingly, Dr. Levine's testimony rebuts Dr. Kogan's testimony and presents a genuine issue of material fact that precludes summary judgment.

> **B.  Microsoft cannot meet its burden of demonstrating the absence of disputed material facts that drawings or descriptions of the PBS System were enabling disclosure of the asserted claims.**

Microsoft offers a third theory (also based on PBS) that the asserted claims were "ready for patenting" prior to the critical date: "Dr. Kogan opined in his report that the asserted claims of the '936 patent were … otherwise ready for patenting (i.e., through REC's preparation of drawings and/or other descriptions of its PBS system that were sufficiently specific to enable a person skilled in the art to practice the asserted claims) no later than April 17, 1990." Mot. at 2-3.

Microsoft's contention that Dr. Kogan's third opinion entitles it to summary judgment fails for the same reason that Dr. Kogan's first two opinions fail to entitle Microsoft to summary judgment – namely, REC has presented evidence that a system, such as the PBS System, that stores "module information" in RAM does not practice the asserted claims. Because (1) by Dr. Kogan's own admission, the documents that form the basis of his third opinion describe the PBS

REC's Opp. to Ready for Patenting MSJ
Case No. C11-554-JLR- 6

**DOVEL & LUNER LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
(310) 656-7066

1  System ("REC's preparation of <u>drawings and/or other descriptions</u> *of its PBS system*," Mot at 3,
2  quoting Kogan), and (2) REC has presented evidence that the PBS System does <u>not</u> practice the
3  asserted claims, the relied-upon documentation would, at best, enable one skilled in the art to
4  create a system (*i.e.*, the PBS System) that does <u>not</u> practice the asserted claims. Accordingly,
5  Dr. Kogan's third opinion in support of Microsoft's "ready for patenting" theory cannot entitle
6  Microsoft to summary judgment.

**IV.   Conclusion.**

For the reasons stated above, Microsoft's motion should be denied.

Dated: August 26, 2013                          Respectfully submitted,

By: <u>*/s/ Richard E. Lyon*</u>
Gregory S. Dovel (*pro hac vice*)
greg@dovellaw.com
Richard E. Lyon (*pro hac vice*)
rick@dovellaw.com
DOVEL & LUNER, LLP
201 Santa Monica Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

Bradley S. Keller (WSBA No. 10665)
bkeller@byrneskeller.com
Jofrey M. McWilliam (WSBA No. 28441)
jmcwilliam@byrneskeller.com
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522

*Counsel for Plaintiff REC Software USA, Inc.*

REC's Opp. to Ready for Patenting MSJ
Case No. C11-554-JLR- 7

**DOVEL & LUNER LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
(310) 656-7066

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 26, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record who are deemed to have consented to electronic service.

<u>/s/ Richard Lyon</u>
Richard Lyon

REC's Opp. to Ready for Patenting MSJ
Case No. C11-554-JLR- 8

**DOVEL & LUNER LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
(310) 656-7066